Rockingham,
No. 5424.

STATE

*v.*

ALAN ROBERT MOWER.

Argued December 8, 1966.
Decided January 13, 1967.

*George S. Pappagianis,* Attorney General and *William J. O'Neil,* Assistant Attorney General ( *Mr. O'Neil* orally ), for the State.

*Wilfred L. Sanders* and *Joel R. Labell* ( of Massachusetts ) ( *Mr. Labell* orally ), for the defendant.

WHEELER, J. Complaint charging that the defendant Alan Robert Mower on September 7, 1964 at Hampton " . . . at or about 12:58 o'clock A. M., a time when thirty or more persons were unlawfully, riotously or tumultuously assembled at Hampton Beach in said Town of Hampton, and after proclamation made by various police officers to those so assembled to disperse, did continue to unlawfully, riotously and tumultuously assemble at Hampton Beach in said Town of Hampton . . . in that he did run from a riotous group at the south end of the beach to the north end of the beach after being warned to stop . . . . " The complaint was brought under RSA 609:9 which was repealed by the enactment of RSA ch. 609-A effective June 17, 1965.

Trial by a jury resulted in a verdict of guilty. Defendant's exceptions to the admission and exclusion of certain evidence, and

to the denial of his motion to dismiss at the close of the State's evidence and at the conclusion of all the evidence were reserved and transferred by *Leahy*, C. J.

The defendant was charged with violating the provisions of RSA 609:9 which provided: "REFUSAL TO DISPERSE. If any persons shall continue unlawfully, riotously and tumultuously assembled after proclamation made by any peace officer to disperse, or shall wilfully obstruct a peace officer, known or openly declared by himself to be such, in making such proclamation, they shall be severally fined . . . . "

The defendant contends, ( 1 ) that the complaint does not state a violation of RSA 609:9; ( 2 ) that the complaint does not meet federal or state constitutional requirements; ( 3 ) that RSA 609:9 is unconstitutional under either the federal or state constitution; ( 4 ) the complaint should have been dismissed since the conduct of the defendant upon the face of the complaint was not criminal; ( 5 ) that the complaint itself alleges that the defendant was dispersing, and if not, the State's own testimony admits it; and ( 6 ) if the statute is not unconstitutional the facts in the case at bar represent an "unconstitutional and / or unreasonable applica- tion and enforcement of the provisions of . . . RSA 609:9. "

The evidence, which is not in serious dispute, established that on September 6, 1964 at about 8 P. M., Trooper Sandler of the State Police was on duty in the area of the Chamber of Commerce building on Ocean Boulevard. A large crowd began to gather and swarm over the boulevard and the beach area. The number was estimated in the thousands. They were throwing rocks, missiles, beer cans filled with sand, smashing windows, shouting vulgarities at the police and at one point Trooper Sandler was struck by a thrown rock.

The police in riot formation separated the crowd into two groups, one to the north end and one group to the south end of the beach. Resistance from both groups continued throughout the evening. As the riot broke out the officers commenced ordering the crowd to " . . . get out of the area, get back, go to your homes. " This order was repeated continuously during the evening.

Trooper Sandler identified the defendant in court and testified "when I first encountered him I saw him running toward me from a group at the south end of the beach in the vicinity of where there were a couple of fires and yelling and so forth. "

He further testified that he ordered the defendant to get back but he kept coming toward him. He then knocked him down with his stick and ordered him back into the crowd at the south. However, the defendant did not obey this order and instead ran toward the rioting crowd at the north. There was evidence that two other Troopers ordered the defendant to get back to the south but again defendant refused. They then pursued and apprehended him as he was running north on the beach toward the rioting crowd located at the north end. These events occurred between 12 and 1 o'clock A.M. on September 7.

The first contention of the defendant is that the complaint is defective in that it does not state the elements of a criminal offense in accordance with the requirements of Part I, *Art.* 15th., N. H. Const. "In the light of modern conditions any complaint or indictment should be considered adequate if it informs the defendant ' of the nature and cause of the accusation with sufficient definiteness ' so that he can prepare for trial. " *State* v. *Ball,* 101 N. H. 62, 63.

In the case at bar the body of the complaint follows the language of the statute ( RSA 609:9 ) and further describes the activities of the defendant in the following language: " . . . in that he did run from a riotous group at the south end of the beach to the north end of the beach after being warned to stop. " Generally, in offenses created by statute it is sufficient to describe the offense in the words of the statute, but a complaint so drawn does not always meet the constitutional requirements that a full description of the offense must be alleged. *State* v. *Webster,* 105 N. H. 415. Here, the complaint does more than follow the words of the statute. Taken as a whole the complaint charges that the defendant was unlawfully a member of a riotous or tumultuous assembly and continued to riotously assemble after proclamation to disperse by running from a riotous group at the south end of the beach to the north end of the beach after being warned to stop. The complaint adequately informed the defendant of the nature and cause of the accusation with sufficient definiteness so he could prepare for trial. Whether the defendant was in fact dispersing as the defendant contends was a question of fact for the jury. There was evidence from which it could be found, as the jury did, that the defendant was not dispersing but was running from one riotous group to another.

The chief contention of the defendant is that he did nothing

criminal and that no matter what he did he would be unable to comply with the statute in that he could neither act nor fail to act without being guilty under RSA 609:9. That the defendant was a member of a riotous mob is not seriously disputed. The riot had been in progress from 8 P. M. until after midnight. There was evidence that a number of persons present in the crowd that evening sought permission to withdraw. Their requests were granted by the officers who directed them how to proceed away from the scene of rioting and thus become dispersed therefrom. There is no evidence that defendant sought such permission and his action in coming out of one group of rioters and attempting to proceed toward another such group in the face of police orders not to do so could be found to constitute a refusal to disperse and a violation of the provisions of RSA 609:9.

The State of New Hampshire has a right and a duty to adopt laws to insure that the public will enjoy good order and peace. 3 Burdick, Law of Crime, s. 715, p. 63. We hold that RSA 609:9 was a constitutional exercise of that power and did not in its provisions or in its application to the facts disclosed by the record violate any constitutional rights of the defendant.

*Exceptions overruled.*

BLANDIN, J., sat at argument but took no part in the decision; the others concurred.